(102 App. Div. 118.)

ROBERTS v. ROBERTS–WICKS CO.

(Supreme Court, Appellate Division, Fourth Department.  March 1, 1905.)

CORPORATIONS—REDUCTION OF STOCK—RIGHT TO DIVIDENDS.

Plaintiff held preferred stock in a corporation, which was entitled to be paid out of the profits of the business dividends of 6 per cent. per annum before the common stock was entitled to anything, the dividends in case of nonpayment to bear interest from the date when payable. At a time when dividends had not been declared for three years, and when there were no profits from which to declare them, the preferred and common stock was reduced one-third, with the consent of plaintiff. *Held*, that when dividends were thereafter declared she was not entitled to dividends on the amount that her stock had been reduced for the time preceding the reduction that dividends had not been declared.

Submission of a controversy between Delia C. Roberts, as plaintiff, and the Roberts-Wicks Company, as defendant, on an agreed statement of facts under Code Civ. Proc. § 1279. Judgment for defendant.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Henry J. Cookinham, for plaintiff.
William Kernan, for defendant.

WILLIAMS, J. Judgment should be ordered for defendant in accordance with its demand in the submission, without costs. The controversy arises over dividends upon the stock in the defendant corporation. It was organized August 5, 1895, under the business corporation law, for the manufacture and sale of clothing. The capital stock originally consisted of $50,000 preferred and $150,000 common. Out of the surplus profits of the business the holders of the preferred stock were entitled to be paid dividends of 6 per cent. per annum in semiannual payments before the common stock was entitled to anything, and in case of nonpayment the dividends to bear interest at the rate of 6 per cent. from the date when payable. All the remaining surplus profits were applicable to dividends on the common stock, as the board of directors should direct. April 16, 1898, the capital stock was duly increased so as to consist of $75,000 preferred and $225,000 common. Prior to July 1, 1901, the plaintiff became the owner of $25,-000 of the preferred stock. June 25, 1904, the stock was duly reduced so as again to consist of $50,000 preferred and $150,000 common. The plaintiff voted for such reduction. October 25, 1904, she surrendered her certificate for $25,000 of preferred stock, and received a new certificate for $16,700, being a few dollars more than she was entitled to under the reduction, and for which excess she paid in cash. The 6 per cent. semiannual dividends on the·preferred stock were paid up to

July 1, 1901, when plaintiff purchased her stock, but none have been paid since that time. None were declared until December 20, 1904, when a resolution was adopted by the board of directors that the amount due to stockholders in full for dividends and accrued interest thereon to December 1, 1904, upon the $50,000 preferred stock, be paid January 2, 1905, to stockholders of record December 26, 1904, and at the same time a dividend was declared of 1 per cent., payable May 1, 1905, upon the common stock of $150,000 to stockholders of record April 20, 1905. It will thus be seen that the defendant only proposes to pay plaintiff's dividends and interest thereon from July 1, 1901, to December 1, 1904, on $16,700 of stock, and then pay a dividend on the common stock. The plaintiff claims she is also entitled to dividends and interest on the $8,300 between July 1, 1901, and June 25, 1904, which stock she held between those dates before the payment of the dividend on the common stock. This is the precise question in controversy. While plaintiff held this $8,300 of stock there were no surplus profits from which any dividends could be paid. The capital stock was impaired. There was a deficiency of nearly $100,000. As soon as the stock was reduced from $300,000 to $200,000, there was a surplus of $9,138.15, which, under the definition contained in Williams v. W. U. Tel. Co., 93 N. Y. 162, and Strong v. Br. Cr. T. R. R. Co., 93 N. Y. 426, would be regarded as surplus profits, and could properly be used in paying dividends. After the stock was reduced, and before the dividends were declared, $15,087.40 of other surplus profits were earned. Then the dividends were declared, and the question is whether the plaintiff, having agreed to the reduction of the capital stock, and having given up $8,300 of the stock owned by her, has forfeited her right to past dividends and interest on such stock, or whether she is entitled to the same.

The contract between the defendant and its stockholders embodied in the certificate of incorporation and the certificates of stock was that the holders of the preferred stock should be entitled to, and be paid, dividends of 6 per cent. semiannually, and in case of nonpayment the dividends should bear interest at the rate of 6 per cent. from the date when payable. By virtue of this contract the plaintiff, just prior to the reduction of the capital stock, was entitled, whenever dividends were declared, to the dividends and interest on the $8,300, as well as on the $16,700. By the reduction agreed to by her and the surrender of the $8,300 of stock, did she relinquish these dividends and interest? She did not do so in express terms. Did she do so by legal implication? No authorities are cited bearing upon this precise question. We are inclined to the opinion that the plaintiff, not being the owner of this $8,300 of stock at the time the dividends were declared, was not entitled to any dividends thereon. She could acquire no rights in any of defendant's property for dividends until the dividends were actually declared. If the stock had been transferred, instead of surrendered, the plaintiff would have retained no interest in the dividends in question. They would have passed to her assignee as an incident to the stock itself. When she surrendered the stock, and allowed it to be canceled, she gave up all right to future dividends thereon also. Dividends could not well be declared except upon stock in existence when

the dividends were so declared. The agreement as to dividends was not invalid, but the agreed reduction of the stock, which was made under the statute, could not well provide, and did not provide, for any saving of liability to plaintiff by the defendant for the dividends undeclared upon the canceled, destroyed stock. There is no apparent equity in the case in favor of the plaintiff. She became owner of her stock when the total capital stock was $300,000, and when the reduction to $200,000 was contemplated there were no surplus earnings to pay her any dividends, and were not likely to be any unless the stock was reduced in amount. It was impaired nearly $100,000. By reducing the stock the defendant was able to accumulate a surplus from which it could pay dividends on the stock as reduced. The plaintiff had the benefit of the reduction of the stock and the dividends as made. We do not see that she was entitled to more than she received.

Our conclusion is that judgment should be ordered for defendant in accordance with its demand in the submission. No costs will be allowed. All concur, except STOVER, J., not voting.